

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 20, 1963

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. C- 41

Re: Reconsideration of Opinion WW-1495 in which the question was: In either of the abolishment situations stated, whether the county judges are entitled to have an assistant as provided in Article 3888, Vernon's Civil Statutes, for ex officio school superintendents and related question.

Dear Dr. Edgar:

  This office has received your request for a reconsideration of Attorney General's Opinion WW-1495 in which the question was as follows:

  "Whether a county judge of a county subject to the provisions of Section 1 of Article 2688e, Vernon's Civil Statutes, or a county judge of a county which elects to abolish the office of county superintendent or ex officio county superintendent under the provisions of Section 1a of Article 2688h, Vernon's Civil Statutes, is authorized to have an assistant, an office and travel expense account as prescribed for ex officio county judges in Article 3888, Vernon's Civil Statutes, as amended."

  The following statutes are pertinent to the question propounded this office:

  "Art. 2688e. County-wide elections; petition; abolition of office; transfer of duties

  "Section 1. (a) Upon a petition of twenty-five per cent (25%) of the qualified voters who cast a vote in the Governor's race at the preceding General Election in counties of less than one hundred thousand (100,000) population according to the last Federal Census; or upon a petition of twenty per cent (20%) of the qualified voters who cast a vote in the Governor's race at the preceding

-174-

General Election in counties of one hundred thousand (100,000) or more population according to the last Federal Census, the county judge shall within ninety (90) days of the receipt of such petition call an election to determine by majority vote whether the office of county superintendent (or ex officio county superintendent and the county school board in counties having an ex officio county superintendent) shall be abolished. ○ ○ ○

". ○ ○

"(b) Where the majority of the qualified electors approve the abolition of the office of county superintendent, the duties of such abolished office as may still be required by law shall vest in the county judge in ex officio capacity upon expiration of the current term of that office.

"(c) Where the majority of the qualified electors approve the abolition of the office of the ex officio county superintendent and county school board, the duties of such abolished offices as may still be required by law shall be and become the duties of the office of county judge of said county upon the expiration of the current term of office of the ex officio county superintendent, and said county judge shall not be entitled to nor receive any additional compensation as a result of these additional duties."

Article 2688h, Vernon's Civil Statutes, in part:

"Section 1. (a) From and after the effective date of this Act the office of the county board of school trustees and the office of county superintendent shall cease to exist in any county in this State having a population of not less than seventy-five thousand (75,000) and not more than one hundred twenty-five thousand (125,000) according to the last preceding Federal Census which has not more than one (1) common school district and whose county ad valorem evaluation is in excess of One Hundred Forty Million Dollars ($140,000,000); provided, however, that the county superintendents in such counties who have been heretofore elected or appointed to the office of

county superintendent shall serve until the expiration of the term for which they were elected or appointed.  The duties now performed by the board of school trustees and county superintendents in such counties shall be performed by the county judges of such counties; <u>provided further, that said county judges shall not be entitled to nor receive any additional compensation as a result of these additional duties</u>."

<u>Article 3888, Vernon's Civil Statutes, as amended, in part</u>:

"In a county where the county judge acts as an ex-officio county superintendent of public instruction, he shall receive and retain in addition to all other compensation provided by law not more than Two Thousand, Six Hundred ($2,600.00) Dollars a year, as the county board of school trustees of the respective counties may provide, whether he is compensated on a fee or salary basis. In such a county an ex-officio assistant superintendent of public instruction shall receive not more than Two Thousand, Six Hundred $2,600.00) Dollars a year, as the county board of school trustees of the respective counties may provide.

"The county judge while acting as ex-officio county superintendent of public instruction, for office and traveling expenses may receive an amount not to exceed One Thousand Fifty ($1,050.00) Dollars a year, as the county board of school trustees of the respective counties may provide. . . ."

We refer you to the holding of Opinion WW-1495 (1962), where it states as follows:

"Therefore, it is our opinion that neither a county judge of a county subject to the provisions of Section 1 of Article 2688e, Vernon's Civil Statutes, nor a county judge of a county which abolishes the office of county superintendent or ex-officio county superintendent under the provisions of Section 1(a) of Article 2688h, Vernon's Civil Statutes, is authorized to have an assistant or receive any compensation under the provisions of Article 3888 of Vernon's Civil Statutes, as amended."

Dr. J. W. Edgar, page 4  (C- 41)

Upon reconsideration this office feels that this statement was too broad as it failed to take into consideration Section 1(b) of Article 2688e, Vernon's Civil Statutes.  Under Section 1(b) the majority of qualified electors may approve the abolition of the office of county superintendent.  Any duties required by law of the abolished office vest in the county judge in an ex officio capacity.

The ex officio county superintendent's compensation is provided for in Article 3888, Vernon's Civil Statutes, which allows him to receive not more than $2,600.00 per year in excess of his compensation as county judge.  He is allowed an assistant, and for office and traveling expenses he may receive an amount not to exceed $1,050.00 a year.  To this extent our former Opinion WW-1495 is modified.

## SUMMARY

Where the office of county superintendent is abolished under Section 1(b) of Article 2688e, Vernon's Civil Statutes, the ex officio duties of that office are assumed by the county judge, and under Article 3888, Vernon's Civil Statutes, he is entitled to extra compensation, an assistant, and office and traveling expenses.

Where the office of ex officio county superintendent is abolished under Section 1(c), Article 2688e, Vernon's Civil Statutes, or the office of county superintendent is abolished under Article 2688h, Vernon's Civil Statutes, and the duties of the office are assumed by the county judge, he is not entitled to any extra compensation, assistant, or any office and travel expense.

This opinion modifies in part this office's former Opinion WW-1495.

Yours very truly,

WAGGONER CARR
Attorney General

By *Bill Morse Jr*
Bill Morse, Jr.
Assistant

BM:wb

Dr. J. W. Edgar, page 5  (C- 41)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
John Reeves
Gordon Zuber
Howard Mays

APPROVED FOR THE ATTORNEY GENERAL

BY:   Stanton Stone